ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION ON WHETHER A COUNTY COMMISSIONER'S DAUGHTER CAN SERVE AS PURCHASING AGENT FOR THE SAME COUNTY IN WHICH THE COMMISSIONER SERVES. WE HAVE EXAMINED THE NEPOTISM STATUTES, WHICH ARE CALLED INTO PLAY WHENEVER A QUESTION SUCH AS YOURS IS ASKED. TITLE 21 O.S. 481 [21-481] (1981) PROVIDES THAT IT SHALL BE UNLAWFUL FOR AN EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER TO APPOINT OR VOTE FOR THE APPOINTMENT OF ANY PERSON RELATED TO HIM BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE TO ANY CLERKSHIP, OFFICE, POSITION, EMPLOYMENT OR DUTY IN ANY DEPARTMENT OF THE STATE, DISTRICT, COUNTY, CITY OR MUNICIPAL GOVERNMENT OF WHICH SUCH OFFICER IS A MEMBER, WHEN THE SALARY, WAGES, PAY OR COMPENSATION OF SUCH APPOINTEE IS TO BE PAID OUT OF THE PUBLIC FUNDS OR FEES OF SUCH OFFICE. IN ADDITION, SECTION 21 O.S. 482 [21-482] PROVIDES THAT IT IS UNLAWFUL FOR ANY SUCH OFFICER TO DRAW OR AUTHORIZE THE DRAWING OF ANY WARRANT OR AUTHORITY FOR THE PAYMENT OUT OF ANY PUBLIC FUND, OF THE SALARY, WAGES, PAY OR COMPENSATION OF ANY SUCH INELIGIBLE PERSON. SECTION 487 PROVIDES THAT UNDER THE DESIGNATION EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER IS INCLUDED, AMONG OTHERS, OFFICIALS OF COUNTIES. THE QUESTION THEN BECOMES WHETHER ANY OF THESE STATUTES IS APPLICABLE TO A COUNTY PURCHASING AGENT. TITLE 19 O.S. 1500 [19-1500] (1986) PROVIDES THAT THE COUNTY CLERK OF EACH COUNTY OR AN EMPLOYEE OF THAT OFFICE SO DESIGNATED BY THE COUNTY CLERK SHALL BE THE COUNTY PURCHASING AGENT EXCEPT IN COUNTIES WHERE THERE IS A COUNTY BUDGET BOARD. IN THOSE COUNTIES, THE BUDGET BOARD MAY, UPON AN AFFIRMATIVE VOTE OF THE MAJORITY OF THE BOARD MEMBERS, APPOINT THE PURCHASING AGENT. IT WOULD THUS APPEAR THAT UNLESS THERE IS SOME TYPE OF APPROVAL GIVEN BY THE COUNTY COMMISSIONERS TO THE COUNTY CLERK'S APPOINTMENT, SECTION 481 OF THE NEPOTISM STATUTES HAS NOT BEEN VIOLATED. SECTION 482 MAY ONLY BE VIOLATED WHEN PERSONS WHO ARE INELIGIBLE UNDER 481, ARE NEVERTHELESS APPOINTED. ASSUMING, THEN, THAT THE COUNTY PURCHASING AGENT IS APPOINTED SOLELY BY THE COUNTY CLERK OR COUNTY BUDGET BOARD, OF WHICH THE COMMISSIONER IS NOT A MEMBER, THE NEPOTISM STATUTES ARE NOT VIOLATED. WHILE AT ONE TIME OKLAHOMA LAW PROVIDED THAT THE DEPUTIES OF COUNTY OFFICERS ARE APPROVED BY THE BOARD OF COUNTY COMMISSIONERS, THAT STATUTE WAS REPEALED IN 1979. OF COURSE, THE MATTER SHOULD BE BROUGHT TO THE ATTENTION OF THE DISTRICT ATTORNEY OF THE COUNTY INVOLVED, SINCE IT IS THAT OFFICER WHO WILL MAKE THE ULTIMATE DECISION WHETHER CRIMINAL VIOLATIONS OF A STATUTE HAVE OCCURRED. BECAUSE THE STATUTES SEEM REASONABLY CLEAR, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. IF, HOWEVER, YOU STILL DESIRE AN OFFICIAL OPINION, PLEASE LET ME KNOW. (SUSAN BRIMER LOVING)